UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRVIN GREENE,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

CASE NO. 3:19-cv-5436 RJB

REPORT AND RECOMMENDATION

NOTED FOR: September 27, 2019

This matter has been referred to the undersigned pursuant to General Order 02-19.

Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* in this action on May 20, 2019. Dkt. 1. On June 3, 2019, this Court's Order To Show Cause or Amend Complaint was mailed to plaintiff. Dkt. 3. The order was returned to the Clerk of the Court as undeliverable on June 17, 2019. Dkt. 4. On August 8, 2019, this Court issued an Order directing plaintiff to update his address by August 30, or risk dismissal of his claim. Dkt. 5. On August 26, 2019, the Order was again returned to the Clerk as undeliverable. Dkt. 6.

Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. If mail sent to a *pro se* plaintiff by the

Clerk is returned, and if plaintiff fails to notify the Court and opposing parties of his current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. LCR 41(b)(2); *see also* Fed. R. Civ. P. 41(b)(2).

The Court ordered plaintiff to update his address and warned plaintiff that it would recommend dismissal of this action without prejudice if plaintiff failed to update his address by August 30, 2019. Dkt. 5. Plaintiff has not responded to the order to show cause (Dkt. 3), the order to update his address (Dkt. 4), or otherwise taken further action in this matter. As such, this Court recommends that this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 27, 2019,** as noted in the caption.

Dated this 9th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge